IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GLENN HAYES, | § | |
|     Plaintiff, | § § § § | |
| v. | § | Case No. 6:23-cv-140-JDK |
| OSCAR WILLIAM LOYD II, | § § § | |
|     Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR DEFAULT JUDGMENT**

In this diversity case, Plaintiff Glenn Hayes alleges legal malpractice against Defendant Oscar William Loyd.  Defendant Loyd has not answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered default.  Docket No. 8.  Before the Court is Plaintiff Hayes's motion for default judgment.  Docket No. 9.  For the reasons explained below, the Court **GRANTS** Plaintiff's motion.

**I.**

In November 2020, Plaintiff was arrested in Smith County, Texas for allegedly possessing marijuana. Docket No. 1 at 2.  On December 29, 2020, Loyd was appointed to represent Hayes in his criminal case.  *Id.* at 3.  Despite this appointment, Loyd never contacted Hayes in any way.  *Id.*  Plaintiff attempted to contact Loyd several times, including by mail and telephone, while he remained in custody but was unsuccessful.  *Id.*

Hayes asserts that he was entitled to be released ninety days after arrest—by February 4, 2020—pursuant to Texas Code of Criminal Procedure article 17.151 because the State had not indicted him and therefore was not ready for trial. *Id.* at 3. But Hayes remained in custody. With the help of the Texas Jail Project, Hayes posted bail and was released from custody on February 27, 2021. *Id.* at 4. Hayes was never indicted, formally charged, or convicted of any offense related to his November arrest, and the Smith County District Attorney dismissed his case on October 5, 2021. *Id.* at 5. Hayes alleges significant injury from Loyd's professional malpractice and seeks compensatory damages and punitive damages. *Id.* at 14.

Hayes filed his complaint on March 21, 2023. On May 23, 2023, Hayes filed proof of service, evidencing that Hayes served Loyd the summons and complaint by certified mail, return receipt requested, on April 13, 2023, pursuant to Texas Rule of Civil Procedure 106(a)(2). Loyd has not answered or otherwise appeared in this case. On May 23, Hayes requested that the Clerk enter default against Loyd, which the Clerk did on May 24, pursuant to Federal Rule of Civil Procedure 55(a). Docket Nos. 7, 8.

Hayes now seeks default judgment under Rule 55(b)(2). Docket No. 9. Hayes asks the Court to hold a hearing and allow a jury to determine the amount of damages. Loyd has not responded.

## II.

The Fifth Circuit has adopted a three-step process to obtain a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a

default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *Id.*; *N.Y. Life*, 84 F.3d at 141. And third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life*, 84 F.3d at 141.

Here, the Clerk entered default on May 4, 2023. Docket No. 8. The Court must now determine whether default judgment is proper. *N.Y. Life*, 84 F.3d at 141. "[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted). Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). When deciding whether to enter a default judgment, the Court considers the following factors:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim

3

for relief. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III.

### A.

Applying the six factors identified above, the Court finds that default judgment against Loyd is appropriate.

*First*, no material facts are in dispute. Loyd never answered or otherwise responded to Hayes's complaint.

*Second*, Loyd has prejudiced Hayes by failing to appear or respond to the complaint or Hayes's motion for default judgment.

*Third*, Hayes clearly establishes the grounds for default. As discussed above, Hayes filed the executed return of service, and Loyd has not appeared, answered, or otherwise responded to the complaint. At Hayes's request, the Clerk entered default. Further, based on Hayes's allegations in the complaint, this Court has jurisdiction in this case under 28 U.S.C. § 1332(a)(1). Docket No. 1 at 1–2.

*Fourth*, no evidence establishes that a good faith mistake or excusable neglect caused Loyd's default. *See Prive Corp.*, 161 F.3d at 893.

*Fifth*, default judgment would not be too harsh. Loyd has had ample time to answer or otherwise respond to the complaint and failed to do so.

*Sixth*, the Court cannot find a reason to set aside the default judgment if Loyd moved to do so. Hayes has clearly established the grounds for default, and Loyd did not cause its default by a good faith mistake or excusable neglect. *See id.*

All factors support entering default judgment. Accordingly, default judgment is appropriate in this case. *See, e.g., id.*

### B.

The Court also finds that Hayes has stated a proper claim for relief in his complaint. Hayes's complaint alleges only one count against Loyd—legal malpractice. Docket No. 1 at 8–14.

There are four elements to a legal malpractice claim in Texas. *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex. 1989). The plaintiff must prove that: (1) the attorney owed him a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injury, and (4) damages resulted from the breach and injury.[1] *Cosgrove*, 774 S.W.2d at 665. The Court finds that Hayes has adequately alleged his legal malpractice claim. Hayes asserts that Loyd owed him a duty as his court-appointed counsel in his criminal case. Docket No. 1 at 8–10. Loyd breached that duty, Hayes argues, by failing to communicate in any way, failing to file any motions in his matter, and by making no effort to get Hayes released from custody—especially after Hayes was legally entitled to release. *Id.* at 11–12. Hayes alleges injury caused by Loyd's breach—specifically, remaining incarcerated for 115 days. *Id.* at 12. Finally, Hayes alleges damages that resulted from the breach and injury. Hayes was unable to work while incarcerated and also suffered confusion, anxiety,

---

[1] A malpractice plaintiff convicted of a crime is generally barred from bringing a malpractice claim against his criminal counsel because the plaintiff's illegal activity is the "sole proximate and producing causes" of any indictment and conviction. *See Peeler v. Hughes & Luce*, 909 W.W.2d 494, 497–89 (Tex. 1995). However, that bar does not apply where the plaintiff is not convicted—as here. *Macias v. Moreno*, 30 S.W.3d 25, 28 (Tex. App.—El Paso 2000).

and abandonment while in custody.  *Id.* at 13–14.  Hayes has therefore adequately pleaded a legal malpractice claim against Loyd.

## IV.

As explained above, Hayes is entitled to default judgment against Loyd for legal malpractice.  Accordingly, the Court **GRANTS** Hayes's motion (Docket No. 9).  As Hayes requests, the Court will enter a schedule for a damages hearing before a jury and will enter an appropriate final judgment following the hearing.

So **ORDERED** and **SIGNED** this **27th** day of **February, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE